United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40118
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL MALDONADO-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1659-1
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Maldonado-Cruz (Maldonado) appeals his guilty-plea
conviction and 57-month sentence for being presented in the
United States following deportation.  Maldonado argues that
8 U.S.C. § 1326(b) is unconstitutional because it treats prior
felony and aggravated felony convictions as sentencing factors.
Maldonado's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Maldonado contends that Almendarez-Torres was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Maldonado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Maldonado also contends that the district court erred in sentencing him pursuant to the mandatory guideline regime held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 764-65 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).

Conviction AFFIRMED. The case is REMANDED for reconsideration and for resentencing if the district court decides appropriate.